999 F.2d 539
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roy BOLES, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellees.
 No. 92-6049.
 United States Court of Appeals, Sixth Circuit.
 July 14, 1993.
 
 Before MARTIN, BOGGS and KRUPANSKY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff Roy Boles (Boles-plaintiff) appealed the district court's grant of summary judgment affirming the denial of social security benefits by the Secretary of Health and Human Services (Secretary).
 
 
 2
 On December 28, 1989, the Secretary notified plaintiff that his disability applications filed on August 7, 1984 and May 19, 1986 and denied by the Administrative Law Judge (ALJ) on November 25, 1986[1] would be reopened for reevaluation because they came within the purview of Samuels v. Heckler, 668 F.Supp. 656 (W.D.Tenn.1986).[2] In the notice to plaintiff, the Secretary stated that the review would be limited to plaintiff's disability claims that were cognizable before November 25, 1986. Moreover, the Secretary advised the plaintiff that the Department of Health and Human Services (HHS) would consider any new evidence in support of his claims only if it applied to the time period on or before November 25, 1986. Evidence in support of health conditions that develop subsequent to the above date would only be relevant to a new application filed for a period beginning after November 25, 1986.
 
 
 3
 On March 20, 1990, the Secretary notified plaintiff that his disability applications again were denied. Plaintiff obtained legal counsel and requested an administrative hearing. On January 25, 1991, the ALJ determined that during the period of review, i.e., June 6, 1984 through November 25, 1986, the plaintiff's condition resulted in limitations in his ability to perform his past work activity, which required lifting weights of up to fifty pounds. The ALJ then concluded that the evidence did not prove that the plaintiff's medical conditions were reasonably expected to produce pain of such intensity as to preclude work activity, and that the plaintiff's impairments were considered solely exertional in nature. In determining that the plaintiff was not disabled and thus not entitled to disability benefits, the ALJ considered his age at the time of disability on November 25, 1986, i.e., 48 years old, as well as his educational level, and his past employment as an unskilled worker. This decision became the final decision of the Secretary when the Appeals Council denied plaintiff's request for review on October 16, 1991.
 
 
 4
 On December 5, 1991, plaintiff, proceeding in forma pauperis, filed his Complaint in the United States District Court. The Secretary filed his Answer on February 7, 1992. Both parties filed cross-motions for summary judgment.
 
 
 5
 In his Report and Recommendation dated May 14, 1992, the magistrate judge affirmed the Secretary's denial of social security disability benefits. He concluded that the Secretary reopened plaintiff's June, 1984 and May, 1986 applications pursuant to the mandate in Samuels for the purpose of determining disability through November 25, 1986. Thus, the magistrate determined that the plaintiff was 48 years old on November 25, 1986, and that the Secretary correctly applied 20 C.F.R. Appendix 2, Subpart P, Regulations No. 4, Rule 202.16[3] of the Medical Vocational Guidelines which applies to a "younger individual" (ages 18 to 49), resulting in a finding that the plaintiff was not disabled.
 
 
 6
 On May 21, 1992, plaintiff filed objections to the magistrate's Report and Recommendation asserting that the magistrate judge erred as a matter of law by ignoring the rule announced in Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir.1987), which required that the claimant's age at the time of the ALJ's decision is applicable to determine his disability level, i.e., his age on January 25, 1991, rather than his age on November 25, 1986, the date upon which his claims were originally decided. He claimed that on January 25, 1991, he was 50 years old and pursuant to 20 C.F.R. Appendix 2, Subpart P, Regulation No. 4, Rule 202.09,[4] which applies to an individual "closely approaching advanced age" (ages 50-55), he was disabled and thus entitled to disability benefits.
 
 
 7
 The district court on June 2, 1992, adopted the magistrate's Report and Recommendations. Specifically, the district court agreed that the plaintiff's applications for disability were reopened for purposes of determining disability through the date of the ALJ's prior determination of November 25, 1986. The plaintiff timely appealed the disposition of the district court.
 
 
 8
 In summary, the plaintiff in the instant appeal argued that the Secretary was required to apply the guidelines using his age on the date his claim was reconsidered by the ALJ, i.e., January 25, 1991, in accordance with Varley, rather than his age on November 25, 1986. Plaintiff's rationale is misconceived. Varley does not apply to the instant action because the Secretary reopened the plaintiff's prior claims pursuant to the dictate of Samuels. Since the Secretary limited the period of review to the time period on or before November 25, 1986, the Secretary correctly determined that plaintiff was 48 years old on November 25, 1986 and thus was not entitled to social security disability benefits. See Jelinek v. Heckler, 764 F.2d 507, 508 (8th Cir.1985) (the final decision of the Secretary denying such a claim is subject to judicial review to the extent it has been reopened). Accordingly, this assignment of error is without merit.
 
 
 9
 Plaintiff further charged on appeal that since the ALJ's reconsideration of his applications failed to apply his appropriate age in determining his disability status, the ALJ's conclusions denying him disability were not supported by substantial evidence. However, this argument is without merit, since this court has determined that the ALJ correctly determined that the plaintiff was 48 years old on November 25, 1986, and thus, he was not disabled pursuant to Rule 202.16.
 
 
 10
 After reviewing the record in its entirety and the arguments of counsel, the disposition of the district court is hereby AFFIRMED.
 
 
 
 [1]
 Plaintiff did not appeal the Secretary's denial of these disability benefits
 
 
 [2]
 In Samuels v. Heckler, 668 F.Supp. 656, 664-65 (W.D.Tenn.1986), the district court for the Western District of Tennessee determined that claimant class members charging that the policies and practices of the Secretary had resulted in the wrongful denial or termination of disability benefits were entitled to full retroactive benefits if the re-evaluation of their claims demonstrated that benefits were improperly denied. The district court decided that claims were improperly denied if the Secretary failed to obtain proper medical assessments of claimants' work-related abilities; failed to obtain consultative examinations from treating physicians; failed to assign appropriate weight to the opinions of treating physicians; employed standards which improperly required objective evidence of the severity of pain; employed standards which improperly failed to consider the combined effects of nonsevere impairments; or employed standards which failed to allow individualized assessments of residual functional capacity and of the actual severity of impairments. Id. at 664
 
 
 [3]
 Rule 202.16 provides that a younger individual (ages 18 through 49) who is illiterate or unable to communicate in English and whose previous work experience is unskilled is not disabled when his residual functional capacity is limited to light work as a result of severe medically determinable impairments
 
 
 [4]
 Rule 202.09 provides that an individual closely approaching advanced age (ages 50 through 55), who is illiterate or unable to communicate in English and whose previous work experience is unskilled is disabled when his residual functional capacity is limited to light work as a result of severe medically determinable impairments